DANIEL MALAKAUSKAS, SBN 265903
P.O. Box 7006
Stockton, CA 95267
Tel: 866-790-2242
Fax: 888-802-2440
daniel@malakauskas.com

Attorney for PLAINTIFF:
CYNTHIA HOPSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>PLAINTIFF,<br><br>v.<br><br>BIG BOY MARKETS, INC., ARTHUR TOY AND PATRICIA TOY TRUST, and DOES 1-10, inclusive,<br><br>DEFENDANTS. | Case No.:<br><br>**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, BIG BOY MARKETS, INC., et. al., et al., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF: 1) TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; 3) THE CALIFORNIA DISABLED PERSONS ACT.**<br><br>[42 U.S.C. §§12101-12213; Cal. Civ. Code §§51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, CYNTHIA HOPSON, (hereafter, "Mrs. Hopson" or "Plaintiff," through his Attorney, DANIEL MALAKAUSKAS, P.O. Box 7006, Stockton, CA 95267; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied her civil rights, hereby respectfully alleges, avers, and complains as follows:

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

1

## THIS COURT CAN GRANT JUSTICE TO A SPECIAL EDUCATION TEACHER SUFFERING FROM LUPUS

1. Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Due to Mrs. Hopson's multiple disabilities and medical conditions the once active and energetic Mrs. Hopson is confined to using a mobility scooter to arduously complete day to day activities which were once effortless. On, or around May 31st, 2014, Mrs. Hopson was denied the full and equal access to a public accommodation located at 2226 Jackson Street, Escalon, CA 95320.

2. Mrs. Hopson now asks that this court stand up for her rights under the American with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

## THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE

3. The United States District Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act, 42 U.S.C. §§12101-12213. The United States District Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, California Civil Code §51, and, or, the California Disabled Persons Act, California Civil Code §§54-55.3, pursuant to 28 U.S.C. § 1367.

4. Venue in this Court is proper under 28 U.S.C. §1391(b)(2) as the claims alleged herein arose in the Eastern District, specifically at the real property located at 2226 Jackson Street, Escalon, CA 95320.

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

2

5. The Sacramento Division of the Eastern District of California, is the proper intradistrict because all claims herein arose in Sacramento, specifically at the real property located at 2226 Jackson Street, Escalon, CA 95320.

6. In the interests of judicial efficiency, Plaintiff will and does stipulate to the Voluntary Dispute Resolution Program. Plaintiff consents to an early Settlement Conference.

## THE VICTIM AND THOSE RESPONSIBLE

7. Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Due to Mrs. Hopson's multiple disabilities and medical conditions the once active and energetic Mrs. Hopson is confined to using a mobility scooter to arduously complete day to day activities which were once effortless. Mrs. Hopson is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

8. Defendant, BIG BOY MARKETS, INC., (Hereafter, "TENANT") is and at all times herein mentioned a tenant, and operates a business establishment, and holds itself out to the public, and does business as "Big Boy Market," which is located at 2226 Jackson Street, Escalon, CA 95320, and has substantial control over the building and parking lot and space adjacent to such building.

9. Defendants, ARTHUR TOY AND PATRICIA TOY TRUST, (Hereafter, collectively or individually, "LANDLORD" in their commercial real estate investment, owner, or landlord capacity)  and DOES 1-5 owns, operates, manages, and has substantial control over the real

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

3

property, including the building and adjacent parking on such property, located at 2226 Jackson Street, Escalon, CA 95320.

10. Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, TENANT, and, or, LANDLORD, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real property located in 2226 Jackson Street, Escalon, CA 95320.

11. Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, TENANT, LANDLORD, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real property located in 2226 Jackson Street, Escalon, CA 95320.

12. The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend complaint to alleged their true names and capacities at such times as they are ascertained.

13. Plaintiff is informed and believes and thereon alleges that each of the defendants, including Does 1 through 10, caused and is responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with other who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

**MRS. HOPSON WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMODATION AND NOW FIGHTS FOR ALL DISABLED**

14.     Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis.  Plaintiff must use a mobility scooter to travel around.  Plaintiff is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.

15.     On May 31st, 2014, Mrs. Hopson desired to go and use the services, and, or, buy products at " Big Boy Market" located at 2226 Jackson Street, Escalon, CA 95320.

16.     While in the parking lot adjacent to, or surrounding, and while inside the business, " Big Boy Market," Mrs. Hopson personally encountered a number of violations and barriers to entry and access.  Specifically, Mrs. Hopson experienced, and personally noticed that:

17.     There is no accessible route on the real property leading from the entrance of the building to a public street, sidewalk or public transportation stop, in violation of ADAAG 4.3.2.

18.     There is no accessible route on the real property between all accessible buildings, facilities, elements, and spaces on the same site, or such accessible route fails to connect all such accessible buildings, facilities, elements, and spaces on the same site in violation of ADAAG 4.3.2.

19. There are no designated disabled parking spaces that are van accessible, as properly labeled, or there are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG 4.1.2(5)(b).

20.     The designated disabled parking space fails to be indentified with a sign showing the international symbol of accessibility in violation of California Building Code 11B-502.6.

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

5

21. The parking access aisle fails to be marked with a blue painted borderline around the perimeter in violation of California Building Code 11B-502.3.3.

22. The alleged designated disabled parking space fails to have a sign, below that International Symbol of Accessibility stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

23. The alleged designated disabled van accessible parking space fails to be marked by a sign, stating "van accessible" in violation of California Building Code 11B-502.6.

24. There was no additional sign at the entrance of parking lot, or adjacent to each parking space, which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at:_____ or by telephoning_____." with such information filled in, in violation of California Building Code 11B-502.8.

25. Mrs. Hopson must now bring this lawsuit to encourage defendants to ensure that their property is accessible to all.

**FIRST CLAIM**
**VIOLATION OF TITLE III OF THE ADA**
**(As to all Defendants)**

26. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 56.

27. The parking lot and building of real property, known as the "Big Boy Market" located at 2226 Jackson Street, Escalon, CA 95320 is owned, controlled, operated, leased, and managed by defendants, TENANT and, or, LANLDORD, and DOES 1-10, or their agents. The business "Big

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

6

Boy Market," including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. §12181 and 28 C.F.R. §36.104, and therefore, the regulations of the Americans with Disabilities Act applies to such public accommodation pursuant to 28. C.F.R. §36.104.

28.     Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis.  Plaintiff must use a mobility scooter to travel around.  Plaintiff is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.

29.     Defendants, TENANT, and, or, LANDLORD, and DOES 1 through 10, pursuant to 28 C.F.R. §36.201(b) are responsible for ensuring that the building, and parking lot of real property 2226 Jackson Street, Escalon, CA 95320, are equally accessible to, and free of barriers for, individuals with disabilities or medical conditions.  Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, American with Disabilities Act regulations:

30.     There is no accessible route on the real property leading from the entrance of the building to a public street, sidewalk or public transportation stop, in violation of ADAAG 4.3.2.

31.     There is no accessible route on the real property between all accessible buildings, facilities, elements, and spaces on the same site, or such accessible route fails to connect all such accessible buildings, facilities, elements, and spaces on the same site in violation of ADAAG 4.3.2.

32.     There are no designated disabled parking spaces that are van accessible, as properly labeled, or there are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG 4.1.2(5)(b).

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

7

33. As a direct and proximate cause of Defendants' conduct, Plaintiff, was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation, in a manner that is equal to those afforded to other non-disabled individuals in violation of 42 U.S.C. §12181.

34. Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants' as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disable persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able bodied persons.

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

35. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 56.

36. The parking lot and building of real property, known as the "Big Boy Market" located at 2226 Jackson Street, Escalon, CA 95320 is owned, controlled, operated, leased, and managed by defendants, TENANT, LANDLORD and DOES 1-10, or their agents. "Big Boy Market" and the parking lot located at 2226 Jackson Street, Escalon, CA 95320, is a "business establishment" and is therefore required to provide "full and equal accommodations, advantages, facilities, privileges or services..." to disabled persons, or persons with medical conditions pursuant to California Civil Code §51.

37. Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Plaintiff must use a mobility scooter to

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

8

travel around.  Plaintiff is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant California Civil Code §51(e).

38.     Defendants, TENANT, LANDLORD and DOES 1 through 10, are responsible for ensuring that the building, and parking lot of real property 2226 Jackson Street, Escalon, CA 95320, are equally accessible to, and free of barriers for, individuals with disabilities or medical conditions. Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, California Building Codes:

39.     The designated disabled parking space fails to be indentified with a sign showing the international symbol of accessibility in violation of California Building Code 11B-502.6.

40.     The parking access aisle fails to be marked with a blue painted borderline around the perimeter in violation of California Building Code 11B-502.3.3.

41. The alleged designated disabled parking space fails to have a sign, below that International Symbol of Accessibility stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

42. The alleged designated disabled van accessible parking space fails to be marked by a sign, stating "van accessible" in violation of California Building Code 11B-502.6.

43.     There was no additional sign at the entrance of parking lot, or adjacent to each parking space, which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed away at the owner's expense.  Towed vehicles may be reclaimed at:_____ or by telephoning_____." with such information filled in, in violation of California Building Code 11B-502.8.

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

9

44. As a direct and proximate cause of Defendants' conduct, Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals in violation of California Civil Code §§51 and 52. Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than four-thousand dollars (4,000 USD) for each and every violation.

45. Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law. Per California Civil Code §51(f), "a violation of the right of any individual under the American with Disabilities Act (Public Law 101-336) also constitutes a violation of this section."

### THIRD CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE § 54
### (As to all Defendants)

46. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 56.

47. The parking lot and building of real property, known as the "Big Boy Market," located at 2226 Jackson Street, Escalon, CA 95320, is owned, controlled, operated, leased, and managed by defendants, TENANT, LANDLORD and DOES 1-10, or their agents. "Big Boy Market" and the parking lot located at 2226 Jackson Street, Escalon, CA 95320, is a "business establishment" and is therefore required to provide "full and equal accommodations, advantages, facilities, privileges or services..." to disabled persons, or persons with medical conditions pursuant to California Civil Code §§54, 54.1, 54.2 and 54.3.

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

10

48. Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression. Plaintiff must use a mobility scooter to travel around. Plaintiff is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant California Civil Code §54.

49. Defendants, TENANT, LANDLORD, and DOES 1 through 10, are responsible for ensuring that the building, and parking lot of real property 2226 Jackson Street, Escalon, CA 95320, are equally accessible to, and free of barriers for, individuals with disabilities or medical conditions. Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, California Building Codes:

50. The designated disabled parking space fails to be indentified with a sign showing the international symbol of accessibility in violation of California Building Code 11B-502.6.

51. The parking access aisle fails to be marked with a blue painted borderline around the perimeter in violation of California Building Code 11B-502.3.3.

52. The alleged designated disabled parking space fails to have a sign, below that International Symbol of Accessibility stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

53. The alleged designated disabled van accessible parking space fails to be marked by a sign, stating "van accessible" in violation of California Building Code 11B-502.6.

54. There was no additional sign at the entrance of parking lot, or adjacent to each parking space, which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

11

at:_____ or by telephoning_____." with such information filled in, in violation of California Building Code 11B-502.8.

55.     As a direct and proximate cause of Defendants' conduct, Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals in violation of California Civil Code §§54,54.1,54.2 and 54.3.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than one-thousand dollars (1,000 USD) for each and every violation.

56.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per California Civil Code §54(c), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

**PRAYER**

WHEREFORE, Plaintiff prays the following:

1.     Issue a preliminary and permanent injunction directing DEFENDANTS to modify its' facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANTS provide adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANTS to maintain its facilities usable by PLAINTIFF and similarly situated person with

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

12

disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2. Retain jurisdiction over DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages including no less than four-thousand dollars (4000 USD) for each and every violation of California Civil Code §51 and no less than one-thousand thousand dollars (1000 USD) for each and every violation of California Civil Code §54 and general damages in an amount within the jurisdiction of the District Court, according to proof;

4. Award PLAINTIFF all litigation expenses and costs of this proceeding, and all reasonable attorney's fees as provided by law; and

5. Grant such other and further relief as this District Court may deem just and proper.

Date: September 22nd, 2014.

                                           /s/ Daniel Malakauskas
                                           By: DANIEL MALAKAUSKAS
                                           Attorney for PLAINTIFF
                                           CYNTHIA HOPSON

Complaint by Plaintiff, CYNTHIA HOPSON, against Defendants, BIG BOY MARKETS, INC., et al.

13