UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>        Plaintiff,<br><br>  v.<br><br>BIG BOY MARKETS, INC.; ARTHUR TOY AND PATRICIA TOY TRUST; and DOES 1- 10, inclusive,<br><br>        Defendants. | No. 2:14-cv-02274-GEB-AC<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

        The January 22, 2015 Order to Show Cause and Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on March 9, 2015, and required a status report be filed no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC")[1] in a writing to be filed no later than March 13, 2015, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel is at fault,

---

[1] This is the second OSC that has issued as a result of Plaintiff failing to timely file a status report. In response to the first OSC, Plaintiff's counsel filed a response to the OSC but failed to timely file a status report.

1

and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on April 20, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. **A joint status report shall be filed no later than fourteen (14) days prior to the status conference**.[3]

Further, Plaintiff is ordered to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute. Plaintiff filed this action on September 20, 2014, but no Defendant has appeared. Further, Plaintiff has not filed a single status report indicating her efforts to prosecute this action. To avoid dismissal, on or before March 13, 2015, Plaintiff shall explain why this action should not be dismissed for failure to prosecute and indicate what efforts she intends to take to prosecute this action.

IT IS SO ORDERED.

Dated:  March 4, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[3] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other parties.

2